UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ABRAHAM ALLI-BROWN ) | CHAPTER 7 PROCEEDING |
| ) | |
| DEBTOR. ) | |
| ) | |
| ) | CASE NO. 05 B 06503 |
| ) | |
| IRA BODENSTEIN, ) | |
| UNITED STATES TRUSTEE ) | |
| ) | ADVERSARY NO. 05 A 1798 |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | |
| ) | JUDGE JACK B. SCHMETTERER |
| ABRAHAM ALLI-BROWN, ) | |
| ) | |
| DEFENDANT. ) | |

## ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

On November 7, 2005, the Motion of the United States Trustee for Entry of Default Judgment (the "Default Motion") came before this Court for hearing upon proper notice. This Court, having reviewed and considered the Default Motion and the Exhibits thereto and being otherwise fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

### I. FINDINGS OF FACT

1. On February 24, 2005, Abraham Alli-Brown (the "Defendant") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition").

2. On August 29, 2005, Ira Bodenstein, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), filed a Complaint Objecting to Debtor's Discharge (the

"Complaint").

3. On August 29, 2005, the Clerk of the Bankruptcy Court issued a Summons to the Defendant.

4. On August 29, 2005, the U.S. Trustee served the Complaint and Summons on the Defendant, and on October 3, 2005, the U.S. Trustee served the Complaint and Summons on Chuka B. Uwechia, Defendant's counsel in the main case. No appearance was filed by any counsel for Defendant in this adversary proceeding.

5. On August 29, 2005, the U.S. Trustee filed with the Clerk of the Bankruptcy Court the Certification of Service of the Complaint and Summons.

6. The Defendant has failed to file an answer to the Complaint. The Defendant also failed to appear at the October 3, 2005, status hearing and the October 24, 2005, continued status hearing on the Complaint.

7. The Defendant lists no holdings of real property on Schedule A.

8. In response to the question in his Statement of Financial Affairs calling for the Defendant to disclose transfers of property within one year preceding the commencement of the case, the Defendant answered "None."

9. A quit claim deed from the Cook County Recorder of Deeds' records confirms that on August 30, 2004, the Defendant transferred his interest in the property located at 614-616 W. 123rd Street, Chicago, Illinois (the "123rd Street property") to Toogun Olufunke for no consideration.

10. On October 29, 2004, the Defendant, along with Olufunke Toogun, executed a mortgage with Argent Mortgage Company, LLC, which was recorded on November 17, 2004.

11. A quit claim deed from the Cook County Recorder of Deeds' records confirms that on

circumstances." *Id.* at 743. The most common "badges of fraud" exist in this case, including a lack of consideration for the transfer, a familial relationship between the parties (husband and wife), and the debtor's retention of possession of the property. *Id.* at 744. Here, (1) the Defendant transferred the property via a quit claim deed for a mere $10, (2) to his wife, and (3) the Defendant lists the transferred property as his current residence on his bankruptcy petition. These three badges of fraud are sufficient to satisfy the § 727(a)(2)(A).

17. Because the Defendant transferred property within a year of his bankruptcy intending to hinder, delay or defraud his creditors, judgment will be entered in favor of the U.S. Trustee and against the Defendant on the § 727(a)(2)(A) count.

18. 11 U.S.C. § 727(a)(4)(A) provides that this Court shall grant the Debtor a discharge unless the Debtor knowingly and fraudulently, in or in connection with this case, made a false oath or account.

19. To receive a discharge, "a debtor must present full and accurate information about himself and his affairs." *In re Hansen*, 325 B.R. 746, 757 (Bankr. N.D. Ill. 2005). To do so, "[a]ll assets and ownership interests must be disclosed, and all questions in the schedules and statement of financial affairs must be answered completely and honestly." *Id.*

20. In order to prevail under § 727(a)(4)(A), "an objecting party must establish that (1) the debtor made a statement under oath; (2) the statement was material to the bankruptcy case; (3) the statement was false; (4) the debtor knew the statement was false; and (5) the statement was made with an intent to deceive." *Id.* at 758.

21. The U.S. Trustee has established all the requisite § 727(a)(4)(A) elements in this case. First, the Defendant made statements under oath because all debtors swear to the accuracy of their petition and schedules. *In re Olbur*, 314 B.R. at 745. Second, all the statements made by the

Defendant in his petition, schedules and statement of financial affairs were material to his bankruptcy. *In re Hansen*, 325 B.R. at 758. Third, several of these statements were false. On his Schedule A, the Defendant stated he owned no real property. However, according to the second quit claim deed from the Cook County Recorder of Deeds produced by the U.S. Trustee, the property located at 11915 South Emerald Avenue, Chicago, IL, was transferred from the Defendant's wife to both her and the Defendant as joint tenants on October 30, 2004, less than four months before the Defendant filed Chapter 7. As further proof of the Defendant's undisclosed ownership in this property, the mortgage holder filed a motion for relief from the automatic stay on August 9, 2005, and that motion was granted by this court on August 22, 2005. A copy of the mortgage, signed by the Defendant and dated October 29, 2004, was also produced.

22. Finally, the Defendant knew these statements were false and made them with a fraudulent intent. To possess this intent, "either he must have knowingly intended to defraud, or he must have 'engaged in such reckless behavior as to justify the finding of fraud.'" *Id.* at 759 (citing *In re Yonikus*, 974 F.2d 901, 905 (7th Cir. 1992)). As with § 727(a)(2)(A), this intent may be inferred from the surrounding circumstances and from the Defendant's petition, schedules, and statement of financial affairs. In this case, the Defendant had executed a mortgage less than four months before filing bankruptcy yet failed to disclose the existence of this ownership interest and debt on his sworn schedules. Likewise, the Defendant failed to disclose an interest in the Emerald Avenue property transferred to him at about that same time, and he failed to disclose his interest in the 123rd Street property which he transferred to his wife less than six months pre-filing. There can be no doubt the absence of all these things from Defendant's schedules and statements of financial affairs was made with an

-5-

intent to deceive, and this intent can be inferred from his signature on his error-laden bankruptcy petition.

23. Because the Defendant knowingly and fraudulently made a false oath in connection with the case, judgment will be entered in favor of the U.S. Trustee and against the Defendant on the § 727(a)(4)(A) claim.

### III. CONCLUSION

For the foregoing reasons, the Court grants judgment in favor of the United States Trustee and sustains the objections to discharge under §§ 727(a)(2)(A) and (a)(4)(A). The Debtor's discharge is denied, and a separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED: 11/7/05

JUDGE JACK B. SCHMETTERER
UNITED STATES BANKRUPTCY JUDGE